IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALPHONZA LEONARD PHILLIP THOMAS-BEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:19CV692 |
| UNITED STATES, | ) ) ) | |
| Defendant(s). | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina serving a sentence of life in prison following convictions for murder and arson, submitted a *pro se* Complaint [Doc. #1], along the $400.00 filing fee and a number of other documents. Plaintiff names the "United States et al its three Branches" as the Defendant in the case and contends that a number of his constitutional rights have been or are being violated. Plaintiff's documents are rambling and somewhat difficult to decipher. However, they are all based on the contention that he is a "Moorish-American National" and that, because of this fact, neither North Carolina nor the United States of America has jurisdiction over him. He also relies on commercial, civil, and admiralty law in his pleadings. Plaintiff views his incarceration as violating his rights under the United States Constitution. Plaintiff seeks his release from prison, absolution from any past, present, or future state or federal charges, and $100,000,000 on a credit card as relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal

citations and quotation marks omitted).  In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous.

As an initial matter, the Court notes that Plaintiff is attempting to undermine his convictions or sentences for murder and arson.  Plaintiff may not do so without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff fails to do so and, therefore, dismissal is proper for this reason alone.

Further, Plaintiff previously attempted to attack his convictions in a habeas corpus petition under 28 U.S.C. § 2254 in case 1:16CV524 using essentially the same theories he raises here.  The Court dismissed that case *sua sponte* on its merits and informed Plaintiff that commercial and civil law cannot be used to invalidate a criminal conviction or sentence and that a person's nationality or ethnicity are not relevant to the validity of a conviction.  Specifically, a person's claimed identity as a Moorish American does not absolve them of criminal liability or prevent courts from exercising jurisdiction over them.  See El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009) (unpublished) (collecting cases rejecting "Moorish" identity claims).  Nevertheless, Plaintiff persists in raising this frivolous contention in the present action, apparently believing that he can simply declare himself a Moorish American National and avoid the

consequences for murder and any other crimes he has committed or may commit in the future.  His claims are frivolous and should be dismissed.

In addition to the Complaint, Plaintiff also submitted several requests which were docketed as motions. They consist of a Request for Entry of Default [Doc. #4], a Request for Writ of Execution/Aid [Doc. #6], a Request that the U.S. Court take Judicial Notice [Doc. #8], a Request for Order of Life Time Injunction & Restraining [Doc. #11], and a Request for Summary Judgment [Doc. #14].  All of these filings are premised on the frivolous claims raised in the Complaint.  They should be denied accordingly.

IT IS THEREFORE RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and failing to state a claim, and that Plaintiff's Request for Entry of Default [Doc. #4], Request for Writ of Execution/Aid [Doc. #6], Request that the U.S. Court take Judicial Notice [Doc. #8], Request for Order of Life Time Injunction & Restraining [Doc. #11], and Request for Summary Judgment [Doc. #14] also be denied.

This, the 30th day of October, 2019.

      /s/ Joi Elizabeth Peake
United States Magistrate Judge

4

Case 1:19-cv-00692-TDS-JEP     Document 17     Filed 10/30/19     Page 4 of 4